IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION



FILED
AUG 0 5 2016
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>LOUIS MICHAEL HEALY,<br><br>Defendant/Movant. | Cause No. CR 13-007-GF-DLC<br>CV 15-102-GF-DLC<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Healy's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Healy is a federal prisoner proceeding pro se.

In his § 2255 motion, Healy requested an extension of time to obtain the transcript of voir dire proceedings to support some of his claims for relief and to make additional claims. The Court granted an extension and directed Healy to make all claims he intended to make. Healy responded on February 22, 2016.

**I. Preliminary Screening**

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

1

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On February 6, 2013, a grand jury indicted Healy on one count of assault resulting in serious bodily injury, a violation of 18 U.S.C. § 113(a)(6) (Count 1); one count of assault with a dangerous weapon, a violation of 18 U.S.C. § 113(a)(3) (Count 2); one count of aggravated sexual abuse, a violation of 18 U.S.C. § 2241(a)(2) (Count 3); and one count of abusive sexual contact, a violation of 18 U.S.C. § 2244(b) (Count 4). Jurisdiction was predicated on 18 U.S.C. § 1153(a), the Major Crimes Act. All four charges were based on an incident that occurred on October 13, 2012, between Healy and his then-girlfriend, N. *See* Indictment (Doc. 1) at 1-4. Assistant Federal Defender Hank Branom was appointed to represent Healy. Order (Doc. 7).

Trial commenced on April 16, 2013. After two days of testimony, the jury

returned a guilty verdict on Counts 1, 3, and 4 and returned no verdict on Count 2. Jury Verdict (Doc. 39). Count 2 was dismissed on the United States' motion on April 19, 2013. Mot. to Dismiss (Doc. 43); Order (Doc. 44).

The draft presentence report characterized Healy as a career offender, *see* Presentence Report ¶¶ 28, 39, and calculated his advisory guideline range as 360 months to life. Without the career-offender enhancement, the range was 262 to 327 months. Healy was not designated a career offender.[1] Sentencing Tr. (Doc. 64) at 23:15-16; Statement of Reasons (Doc. 55) at 1. On August 15, 2013, Healy was sentenced to serve 327 months in prison, to be followed by a 20-year term of supervised release. Minutes (Doc. 53); Judgment (Doc. 54) at 2-3.

Healy appealed. On July 15, 2014, the Ninth Circuit Court of Appeals affirmed his convictions and sentence. Mem. (Doc. 70), *United States v. Healy*, No. 13-30226 (9th Cir. July 15, 2014). On November 17, 2014, the United States Supreme Court denied Healy's petition for writ of *certiorari*. Clerk Letter (Doc. 73).

Healy timely filed his § 2255 motion on November 16, 2015. 28 U.S.C. § 2255(f)(1); *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

---

[1] Consequently, no issue arises under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

3

## III. Claims and Analysis

### A. Voir Dire

Healy contends that the United States deliberately excluded Native American jurors and that one juror's negative comment about his character prejudiced the remaining jurors. Mot. § 2255 (Doc. 74) at 2-3 ¶¶ 1-2; Supp. (Doc. 77) at 1-2 ¶¶ 1-2. Although the claim is defaulted, it is more efficiently addressed on the merits. *See Ayala v. Chappell*, __ F.3d __, No. 13-99005, slip op. at 23, 2016 WL 3913446 at *9 (9th Cir. July 20, 2016); *Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002).

The Court has refreshed its memory by reviewing the court reporter's transcript of voir dire. The United States will be required to order the transcript for the Court's file and a copy for Healy.

#### 1. Native American Jurors

The Court's records show that, among the 49 people who appeared for voir dire proceedings, five identified themselves as Native American, one as Asian American, and the rest as white.[2] Of the five Native Americans, one was seated on the petit jury as Juror No. 4 and rendered a verdict. The prosecution and the defense each used a peremptory strike against one Native American. Two Native

---

[2] When a jury pool is constituted, jurors may indicate their race or ethnicity on the form they return to the jury clerk. Those forms are not distributed to the parties in any case but are available to the Court. The forms the parties receive do not include information about race or ethnicity.

Americans were not among the 31 randomly drawn from the wheel at the beginning of voir dire and were also not randomly drawn to replace anyone excused for cause. They were excused at the conclusion of the cause challenges.

Several prospective jurors were excused for cause. Two jurors were excused from seat number 1. One said it would be difficult for him to be impartial because he repaired police vehicles for a living; the other was a victim of attempted rape. Both were white. The jurors originally seated as numbers 9 and 13 knew several people on the reservation. Number 9, who was white, knew N.'s next-door neighbors, a person in law enforcement, and a medical provider, all of whom were scheduled to testify. Number 13, who was Asian American, said a relative of Healy's, a second or third cousin, had lived with her family in the past; she also had a stepson in law enforcement who was shot and killed on a different reservation. She initially said she could be fair, but she expressed concern about the difficulty of her situation later in the proceedings. At that point, she was excused for cause. The juror originally seated as number 23, who was white, had previously been a juror in a case where the defendant overdosed and died during an overnight recess. The juror originally seated as number 30, who was also white, said he had had experiences with Native Americans that made him feel he could not be fair and just. All these jurors were properly excused for cause.

As to the seven jurors whom the prosecutor peremptorily struck, one,

originally seated as number 12, identified herself as Native American. She said she could be fair, but she also said her husband worked closely with a distant cousin of Healy's. Unlike Juror 13, who knew a relative of Healy's but did not state the degree of the relationship, the juror struck by the United States volunteered that the person her husband knew was "a distant cousin to Louis Healy," suggesting she had discussed the matter. Consequently, the United States had a reasonable and permissible basis for a peremptory strike. No one who was related to Healy and no one who was related to anyone who knew a relative of Healy's served on the jury. The United States' other six peremptory challenges were exercised against people who identified themselves as white.

Finally, the defense struck one Native American, who was originally seated as number 22. She had two brothers, one who had been in law enforcement and was at the time of trial working for the Fort Peck Tribes, and one who was in training for the Fort Peck tribal police. All the defense's other peremptory challenges were exercised against people who identified themselves as white.

The record negates Healy's claim. It is denied for lack of merit.

### 2. Potential Juror's Comment

Having reviewed the voir dire transcript, the Court finds no juror knew Healy and no juror made a comment about Healy, positive or negative. This claim is denied.

## B. Ineffective Assistance of Counsel

Healy alleges that trial counsel was ineffective because he failed to investigate whether N. sent e-mails to Healy's wife before October 13, 2012, threatening to harm Healy. He also contends that counsel was ineffective because he failed to challenge Healy's status as an Indian person.

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Healy must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

### 1. E-Mails

Healy claims trial counsel failed to investigate e-mails N. "sent to Petitioner's wife prior to the . . . crime in which [N.] threatened to harm Petitioner." Mot. § 2255 at 3-4 ¶ 3; Supp. at 2 ¶ 3. But Healy was convicted of assault resulting in serious bodily injury and aggravated sexual abuse. The United States introduced evidence consisting not only of N.'s testimony but photographs of the marks Healy made on her neck, taken by police at her next door neighbor's

7

house, 1 Trial Tr. (Doc. 62) at 47:11-49:24, 70:12-20, as well as testimony from medical personnel about observable injuries to her neck, *id.* at 77:14-79:2, 88:4-89:8, 90:14-17, and injuries to her inner thighs, perineal and vaginal areas, labia, and cervix, *id.* at 90:20-91:23.

There is no reasonable probability that even a number of threatening e-mails would have persuaded a reasonable juror to retain reasonable doubt in light of the nature of N.'s injuries. There was certainly no prospect of a self-defense argument. Further, evidence undermining N.'s credibility would not have undermined the neighbors' and medical professionals' testimony about what they heard and saw or the timeline of events established at trial.

Neither prong of the *Strickland* test is met. This claim is denied.

### 2. Indian Status

Healy's status as an Indian person was evidenced by the parties' stipulation to admission of his tribal enrollment certificate, which showed his quantum of Indian blood, and by trial testimony. Stipulation (Doc. 19) at 2 ¶ 1; 1 Trial Tr. (Doc. 62) at 27:1-5, 99:13-24, 107:4-16; 2 Trial Tr. (Doc. 63) at 34:23-35:12.

Healy claims his tribal enrollment certificate was unauthenticated and was hearsay. It was not hearsay. *See, e.g.*, Fed. R. Evid. 803(6), (15). It was not authenticated at trial, but without the stipulation, the United States would simply have called appropriate foundation witnesses. Fed. R. Evid. 901(a), 902. That is

8

why lawyers enter into stipulations: to avoid the need to present testimony that will offer no occasion for dispute or challenge.

Healy also claims counsel should have challenged his Indian status or the sufficiency of the United States' proof of it. Healy's trial was held in April 2013. At that time, governing law of the Ninth Circuit required the United States to prove to the jury, beyond reasonable doubt, that a defendant's bloodline was derived from a tribe recognized by the federal government. *See United States v. Maggi*, 598 F.3d 1073, 1080 (9th Cir. 2010), *overruled in part by United States v. Zepeda*, 792 F.3d 1103, 1113 (9th Cir. 2015) (holding that quantum of blood need not be traced to federally recognized tribe). Moreover, governing law in the Ninth Circuit at the time of Healy's trial held that a tribal enrollment certificate does not give the jury sufficient evidence of Indian status "where the government offers no evidence that the defendant's bloodline is derived from a federally recognized tribe." *United States v. Zepeda*, 738 F.3d 201, 205 (9th Cir. 2013), *overruled*, 792 F.3d 1103, 1114 (9th Cir. 2015) (holding that federal recognition is a question of law for the court, not the jury, to decide).

Consistent with *Maggi*, the United States asked a witness whether the Assiniboine and Gros Ventre Tribes of the Fort Belknap Reservation were federally recognized. *See* 1 Trial Tr. at 99:16-17, 107:7-16. Although neither attorney argued the point, a reasonable juror exercising common sense likely

9

would also have found the existence of the reservation to be persuasive evidence of federal recognition.

In addition, *Zepeda* and *Maggi* were subsequently overruled on the only points trial counsel might have contested. Healy could not show prejudice under the *Strickland* test even if the United States had failed to introduce any evidence, other than the tribal enrollment certificate, that the Tribes of the Fort Belknap Reservation are and were recognized by the federal government. *Strickland* prejudice must be assessed in light of the state of the law at the time the claim of ineffective assistance is made, not at the time of counsel's performance. *See Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993).

Neither prong of the *Strickland* test is met. This claim, Mot. § 2255 at 4 ¶ 4; Supp. at 3 ¶ 4, is denied.

**C. Sentencing Error**

Because the jury was unable to decide whether Healy was guilty beyond reasonable doubt of assault with a weapon, Count 2 was dismissed. Healy contends he was sentenced to the high end of the advisory guideline range because the Court believed he used a knife against N. He asserts that the sentence is therefore contrary to the verdict, because the jury did not unanimously agree that he used a knife. Mot. § 2255 at 4-5 ¶ 5; Supp. at 3 ¶ 5; Sentencing Tr. (Doc. 64) at 34:9-10.

Like Healy's claim regarding voir dire, this claim is defaulted but is more efficiently addressed on the merits.

It is true that the jury did not unanimously agree that Healy used a knife. The jury, however, did not say that Healy did *not* use a knife. It was not asked that question. *Compare, e.g., United States v. Pimentel-Lopez*, __ F.3d __, No. 14-30210, slip op. at 10, 2016 WL 3874414 at *4 (9th Cir. July 15, 2016). In fact, even if Healy had been found not guilty on Count 2—that is, even if all the jurors agreed the United States did not prove use of a knife beyond reasonable doubt—his sentence still could be based on the Court's finding that he probably used a knife. *See United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam).

Moreover, Healy was sentenced to the high end of the guideline range based on all the factors relevant to sentencing, not just because he used a knife in committing the offense. *See* 18 U.S.C. § 3553(a); Sentencing Tr. at 34:6-17, 35:9-16. This claim is denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

11

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Healy's claims do not meet even the relatively low threshold required for a COA. The transcript of voir dire does not present the issues Healy claims it does. Among the prospective jurors, no one said they knew him, and no one made any comment on his character. There is no reason to believe either that Native Americans, as a group, were excluded or that the United States used its peremptory challenges in a racially biased way.

Healy also claims that counsel should have investigated e-mails the victim allegedly sent to Healy before the date of the offenses alleged in the Indictment, threatening to "harm" him. In another case, this claim might have merit. Here, however, the jury heard testimony and saw photographic evidence of serious bodily injury to the victim, including injuries to her inner thighs, her perineal and vaginal areas, labia, and cervix. Such injuries are not remotely consistent with self-defense on Healy's part. In addition, the testimony of the neighbors and medical personnel made it highly unlikely that any reasonable juror would have thought N. might have acquired her injuries at some other time.

Healy's claim under *United States v. Zepeda*, 738 F.3d 201, 205 (9th Cir.

2013), relies on a case subsequently overruled, see 792 F.3d 1103, 1114 (9th Cir. 2015). In addition, the United States presented not only Healy's tribal enrollment certificate but also witness testimony sufficient to support the findings necessary under both then- and now-applicable law.

Finally, the jury did not find that Healy did not use a knife. The jury found only that the United States did not prove beyond reasonable doubt that Healy used a knife. More fundamentally, Healy's sentence was based on all the factors under 18 U.S.C. § 3553(a).

The Court *sua sponte* considered whether Healy might, with counsel, be able to make a claim under *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). But only the draft presentence report characterized Healy as a career offender; the Court did not. There is no *Johnson* claim to be made here.

Healy does not make a showing of any substance that he was deprived of a constitutional right. Reasonable jurists would find no basis to encourage further proceedings. A COA is denied.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Pursuant to 28 U.S.C. § 753(f), the Court CERTIFIES that the transcript of voir dire, held on April 15, 2013, is required to decide an issue presented by Healy.

2. The United States shall immediately order the transcript for the Court's

file and shall deliver a copy to Louis Michael Healy, 12256-046, FCI Petersburg Medium, Federal Correctional Institution, P.O. Box 1000, Petersburg, VA 23804.

3. The transcript shall be filed in the record of the case, unredacted, with electronic access limited to the parties and the public terminal at the courthouse.

4. Healy's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 74, 77) is DENIED.

5. A certificate of appealability is DENIED on all issues. The clerk shall immediately process the appeal if Healy files a notice of appeal.

6. The clerk shall ensure that all pending motions in this case and in CV 15-102-GF-DLC are terminated and shall close the civil file by entering, by separate document, a judgment in favor of the United States and against Healy.

DATED this 5th day of August, 2016.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court